David E. Chavez
Nevada Bar No. 15192
**BALLARD SPAHR LLP**
1980 Festival Plaza Drive, Suite 900
Las Vegas, Nevada 89135
Telephone:  702.471.7000
Facsimile:  702.471.7070
chavezd@ballardspahr.com

Edward J. McAndrew, Esq.
*Admitted Pro Hac Vice*
**BAKER & HOSTETLER LLP**
1735 Market Street, Suite 3300
Philadelphia, PA 19103-7501
Telephone: (215) 568-3100
Facsimile: (215) 568-3439
Email: emcandrew@bakerlaw.com

Marcus McCutcheon, Esq.
*Admitted Pro Hac Vice*
**BAKER & HOSTETLER LLP**
600 Anton Blvd., Suite 900
Costa Mesa, CA 92626
Telephone: (714) 754-6600
Facsimile: (714) 754-6611
Email: mmccutcheon@bakerlaw.com

*Counsel for Rancho Mesquite Casino, Inc. d/b/a Eureka Casino Resort*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>     Eureka Casino Breach Litigation.<br><br>This Document Relates to:  All Actions | Case No. 2:23-cv-00276-CDS-NJK<br><br>**Stipulated Confidentiality Agreement and** ~~**[Proposed]**~~ **Protective Order** |

Plaintiffs William Houghton, Andrew Figura, Michael Oldham, and Kristin Andrew ("Plaintiffs"), and Defendant Rancho Mesquite Casino, Inc. dba Eureka Casino Hotel ("Defendant") (collectively the "Parties"), by and through their respective counsel of record, hereby submit this proposed Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure to protect confidential information and materials that may be made available in the ordinary course of discovery in this action.

## I.    **PURPOSES AND LIMITATIONS**

1.    ***Scope.*** This Protective Order, if adopted by the Court, shall govern the handling of all documents, depositions, deposition exhibits, interrogatory responses, affidavits and any attached exhibits thereto, or other information produced, given, or exchanged by and among the Parties and any other parties or non-parties to this litigation (collectively, the "Discovery Material") that have been or may be designated CONFIDENTIAL or HIGHLY CONFIDENTIAL pursuant to this Protective Order (the "Protected Material"). This Protective Order is binding upon the Parties, their agents and employees, all counsel for the Parties and their agents and employees, and all persons to whom the disclosure of Protected Material under this Protective Order is made.

2.    ***No Use for Other Purposes***. All Discovery Material shall be used by the Parties only for the purpose of conducting the above-captioned consolidated action, In Re: Casino Breach Litigation, No. 2:23-02-00276-CDS-NJK (the "Litigation"), including any appellate proceedings, and not by anyone else for any other purpose.

3.    ***Producing Person and Receiving Person.*** Any person or entity who generated (in whole or in part), or provided information contained in any Protected Material, shall be referred to herein as a "Producing Person." Any person or entity who receives any Protected Material shall be referred to as a "Receiving Person."

4.    ***Counsel.*** The term "Counsel" shall mean in-house counsel for the respective Parties, as well as outside counsel for the respective Parties and other attorneys, paralegals, secretaries, and other support staff employed by outside counsel.

5.    ***Confidentiality Designations.*** Each Party (or any non-party served with a subpoena duces tecum by a Party) that produces or discloses any Discovery Material that the Producing Person believes should be subject to this Protective Order may designate the same as CONFIDENTIAL or HIGHLY CONFIDENTIAL.

a.    CONFIDENTIAL – The Producing Person may designate the following Discovery Material as CONFIDENTIAL: sensitive, confidential, or proprietary, technical, business, or financial information which gains value from not being generally known or the disclosure of which would harm the business or reputation of the Producing Person, or other  information that the

BALLARD SPAHR LLP
1980 FESTIVAL PLAZA DRIVE, SUITE 900
LAS VEGAS, NEVADA 89135
(702) 471-7000 FAX (702) 471-7070

Producing Person reasonably believes in good faith is confidential or otherwise qualifies for protection under Federal Rule of Civil Procedure 26(c).

        b.     HIGHLY CONFIDENTIAL – The Producing Person may designate the following Discovery Material as HIGHLY CONFIDENTIAL: highly sensitive, confidential, or proprietary, technical, business, or financial information that the Producing Person reasonably believes in good faith will result in competitive or other harm if any individual who is entitled to review material designated CONFIDENTIAL has access to it. Examples of such Discovery Material are trade secrets, highly confidential business and/or financial information, and proprietary personnel information.

        6.     In the event the Producing Person elects to produce Discovery Material for inspection, no marking need be made by the Producing Person in advance of the initial inspection. For the purposes of the initial inspection, all Discovery Material produced will be considered as HIGHLY CONFIDENTIAL and must be treated as such pursuant to the terms of this Protective Order. Thereafter, upon selection of specified Discovery Material for copying by the inspecting party, the Producing Party must, within a reasonable time prior to producing the specified Discovery Material to the inspecting party, apply any appropriate confidentiality markings. Under no circumstances shall a "reasonable time" be deemed to be more than ten (10) business days after the selection of documents for copying is communicated to the Producing Party, unless the Parties agree to a different time period in writing.

        7.     The inadvertent production by any of the undersigned Parties or non–Parties to the Proceedings of any Discovery Material during discovery in this action without a CONFIDENTIAL or HIGHLY CONFIDENTIAL designation, shall be without prejudice to any claim that such item is CONFIDENTIAL or HIGHLY CONFIDENTIAL and such Party shall not be held to have waived any rights by such inadvertent production. In the event that any Discovery Material that is subject to a CONFIDENTIAL or HIGHLY CONFIDENTIAL designation is inadvertently produced without such designation, the Party that inadvertently produced the document shall give written notice of such inadvertent production within twenty (20) days of discovery of the inadvertent production, together with a further copy of the subject Discovery Material designated as

BALLARD SPAHR LLP
1980 FESTIVAL PLAZA DRIVE, SUITE 900
LAS VEGAS, NEVADA 89135
(702) 471-7000 FAX (702) 471-7070

CONFIDENTIAL or HIGHLY CONFIDENTIAL (the "Inadvertent Production Notice"). Upon receipt of such Inadvertent Production Notice, the Party that received the inadvertently produced Discovery Material shall promptly destroy the inadvertently produced Discovery Material and all copies thereof, or, at the expense of the producing Party, return such together with all copies of such Discovery Material to counsel for the producing Party and shall retain only the CONFIDENTIAL or HIGHLY CONFIDENTIAL materials. Should the receiving Party choose to destroy such inadvertently produced Discovery Material, the receiving Party shall notify the producing Party in writing of such destruction within ten (10) days of receipt of written notice of the inadvertent production. This provision is not intended to apply to any inadvertent production of any Discovery Material protected by attorney–client or work product privileges. In the event that this provision conflicts with any applicable law regarding waiver of confidentiality through the inadvertent production of Discovery Material, such law shall govern.

8.    Whenever a deposition taken on behalf of a Party involves the disclosure of CONFIDENTIAL or HIGHLY CONFIDENTIAL Discovery Material of any Party or non-party:

a.    The deposition or portions of the deposition must be designated as containing Protected Material subject to the provisions of this Protective Order; such designation must be made on the record whenever possible, but a Party or non-Party may designate portions of depositions as containing Protected Material after transcription of the proceedings; a party or nonparty will have until thirty (30) days after receipt of the deposition transcript to inform the Parties to the Litigation of the portions of the transcript to be designated CONFIDENTIAL or HIGHLY CONFIDENTIAL.

b.    The Producing Party will have the right to exclude from attendance at the deposition, during such time as the Protected Material is to be disclosed, any person other than the deponent, Counsel (including their staff and associates), the court reporter, and person(s) pursuant to paragraph 9 or 10, below (the Parties expressly agree to attempt to accommodate each other's Party representatives to the extent practicable and will attempt to provide notice as to when an excluded representative may return to the deposition); and

c.    The originals of the deposition transcripts and all copies of the deposition transcripts must bear the legend CONTAINS CONFIDENTIAL INFORMATION or CONTAINS HIGHLY

BALLARD SPAHR LLP
1980 FESTIVAL PLAZA DRIVE, SUITE 900
LAS VEGAS, NEVADA 89135
(702) 471-7000 FAX (702) 471-7070

CONFIDENTIAL INFORMATION, as appropriate. Designated portions of deposition transcripts bearing these legends pursuant to paragraph 8(a) above may be filed with the court or in court pleadings, but those designated portions of the deposition transcript must be appropriately redacted or must not be filed unless it can be accomplished under seal pursuant to the procedures set forth in paragraph 13 of this Protective Order.

9.      All Discovery Material designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL must not be disclosed by the Receiving Person to anyone other than those persons designated within this Protective Order and must be handled in the manner set forth below, and in any event, must not be used for any purpose other than set forth in paragraph 2, unless and until such designation is removed either by agreement of the Parties, or by order of the Court.

10.     Discovery Material designated HIGHLY CONFIDENTIAL may be viewed only by:

a.   Counsel (as defined in paragraph 4 above) of the Receiving Person;

b.   Independent experts and stenographic and clerical employees associated with such experts, provided that they execute the attached **Exhibit A**. Prior to receiving any Protected Material of the Producing Person, the expert must execute a copy of the "Agreement to Be Bound by Stipulated Protective Order," attached hereto as **Exhibit A**. Counsel for the Receiving Person must retain executed copies of such exhibits;

c.   The Court and any Court staff and administrative personnel;

d.   Any court reporter employed in this Litigation and acting in that capacity;

e.   Any person indicated on the face of the document to be its author or coauthor, or any person identified on the face of the document as one to whom a copy of such document was sent before its production in this Litigation; and

f.   Other persons by written agreement of the Parties, provided that they execute the attached **Exhibit A**. Prior to receiving any Protected Material of the Producing Person, the other person must execute a copy of the "Agreement to Be Bound by Stipulated Protective Order," attached hereto as **Exhibit A**. Counsel for the Receiving Person must retain executed copies of such exhibits.

BALLARD SPAHR LLP
1980 FESTIVAL PLAZA DRIVE, SUITE 900
LAS VEGAS, NEVADA 89135
(702) 471-7000 FAX (702) 471-7070

11.    Discovery Material designated CONFIDENTIAL may be viewed only by the individuals listed in paragraph 10 above, and by the additional individuals listed below:

a.    The Receiving Person;

b.    Party principals or executives who are required to participate in policy decisions with reference to this Litigation;

c.    Technical personnel of the Parties with whom Counsel for the Parties find it necessary to consult, at the discretion of such Counsel, in preparation for the trial of this Litigation;

d.    Stenographic and clerical employees associated with the individuals identified above; and

e.    Other persons by written agreement of the Parties, provided that they executed the attached **Exhibit A**. Prior to receiving any Protected Material of the Producing Person, the Receiving Person must execute a copy of the "Agreement to Be Bound by Stipulated Protective Order" attached hereto as **Exhibit A**. Counsel for the Receiving Person must retain executed copies of such exhibits.

12.    All information that has been designated as HIGHLY CONFIDENTIAL by the Producing Person, and any and all reproductions of that information, must be retained in the custody of the Counsel for the Receiving Person, except that independent experts authorized to view such information under the terms of this Protective Order may retain custody of copies such as are necessary for their participation in this Litigation, but only during the course of this Litigation.

13.    If a Party files Protected Material with the Court for any purpose, such Party must seek permission from the Court to file the Protected Material under seal pursuant to Local Rule IA 10-5. To that end:

a.    The Parties understand that even if the Court adopts this Protective Order, there has been no showing, and the Court has not found, that any specific documents are secret or confidential. The Parties also understand that there is a presumption of public access to judicial records and that Parties seeking to maintain the confidentiality of documents attached to nondispositive motions must show good cause to overcome the presumption of public access, *Kamakana v. Cty. and Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006), and Parties seeking

BALLARD SPAHR LLP
1980 FESTIVAL PLAZA DRIVE, SUITE 900
LAS VEGAS, NEVADA 89135
(702) 471-7000 FAX (702) 471-7070

to maintain the secrecy of documents attached to dispositive motions must show compelling reasons sufficient to overcome the presumption of public access, *id.* at 1180.

        b.     All motions to seal must address the applicable standard and explain why the standard has been met. The fact that a court has entered a blanket stipulated protective order does not, standing alone, establish sufficient grounds to seal a filed document. Thus, if the sole ground for a motion to seal is that the opposing Party (or non-party) has designated a document as confidential, the designating Party must file either of the following within seven days of the motion to seal: (1) a declaration establishing justification for sealing each document at issue or (2) a notice of withdrawal of the designation(s) and consent to unsealing. If neither filing is made within seven days of the motion to seal, the Court may order the document(s) unsealed without further notice.

        c.     Notwithstanding any other aspect of this Protective Order, the Parties shall, with respect to any documents filed under seal, comply with the requirements of Local Rule IA 10-5, the Ninth Circuit's decision in *Kamakana*, 447 F.3d 1172, the procedures outlined in this paragraph 13, and any further order by this Court.

    14.    At any stage of these proceedings, any Party may object to the designation of Discovery Material as Protected Material by giving written notice to the Party designating the Discovery Material. The following process shall be used:

        a.   The Receiving Person must first attempt to meet and confer with the Producing Person in an effort to resolve such objection without Court involvement. The meet and confer process shall be as follows:

          i.      The Receiving Person informs the Producing Person in writing of its objection to the destination. The written notice shall identify the Discovery Material to which the objection is made and shall specify the basis for the objection.

          ii.     The Producing Person shall have fourteen (14) days to respond by justifying such designation in writing or withdrawing the designation.

          iii.    If the Receiving Person is not satisfied with the response of the Producing Person, the Parties shall have a telephonic meeting and confer within seven (7) days of the Producing Person's written response.

BALLARD SPAHR LLP
1980 FESTIVAL PLAZA DRIVE, SUITE 900
LAS VEGAS, NEVADA 89135
(702) 471-7000 FAX (702) 471-7070

b.   If reasonable meet and confer efforts are unsuccessful, the Producing Person may move the Court via appropriate motion to request such materials maintain their designation within a reasonable time agreed upon by the Parties during the telephonic meet and confer. The Producing Person shall bear the burden of proving that the Discovery Materials are appropriately designated.

c.   Until the Court rules on such motion, the Discovery Materials shall be treated in accordance with its designation.   All Protected Material must be held in confidence by those inspecting or receiving it. To the extent the Protected Material has not been disclosed prior to and apart from this Litigation, it must be used only for the purposes of this Litigation, or as set forth in paragraph 2. If the Protected Material was exchanged between the Parties and/or producing non-party prior to and apart from this Litigation for purposes of conducting their respective businesses, the Parties may continue to use that otherwise Protected Material for that purpose. The Parties may not distribute the Protected Material beyond those persons or entities that had received the Protected Material prior to this Litigation. In addition, Counsel for each party, and each person receiving Protected Material, must take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such information. If Protected Material is disclosed to any person other than a person authorized by this Protective Order, the party responsible for the unauthorized or inadvertent disclosure must:

i.      Immediately bring all pertinent facts relating to the disclosure to the attention of the other Parties;

ii.     Use its best efforts to retrieve all copies of the Protected Material; and

iii.    Without prejudice to any rights and remedies of the other Parties, make every effort to prevent further disclosure by the Party and by the person(s) receiving the disclosure (including asking such person(s) receiving the disclosure to execute the "Agreement to Be Bound by Stipulated Protective Order" attached hereto as **Exhibit A**).

15.   No Party will be responsible to a Producing Person for disclosure of Protected Material under this Protective Order if the information in question is not labeled or otherwise identified as such in accordance with this Protective Order.

BALLARD SPAHR LLP
1980 FESTIVAL PLAZA DRIVE, SUITE 900
LAS VEGAS, NEVADA 89135
(702) 471-7000 FAX (702) 471-7070

See ¶ 7 regarding inadvertent disclosure procedures.

16.    ~~If a Party or non-party, through inadvertence, produces any Discovery Material eling or marking or otherwise designating it as such in accordance with this Protective Order, the Producing Person may give written notice to the Receiving Person that the Discovery Material must be treated in accordance with the appropriate designation under this Protective Order.~~ If the Receiving Person has disclosed the Discovery Material before receiving the designation, the Receiving Person must notify the Producing Person in writing of each such disclosure. Counsel for the Parties will agree on a mutually acceptable manner of labeling or marking the inadvertently produced Discovery Material as CONFIDENTIAL or HIGHLY CONFIDENTIAL.

17.    If a non-party produces Discovery Material that a Party reasonably believes should be designated as Protected Material, that Party may designate such Discovery Material as CONFIDENTIAL or HIGHLY CONFIDENTIAL by providing written notice to the other Parties and the non-party.

18.    Nothing within this Protective Order will prejudice the right of any Party to object to the production of any discovery material on the grounds that the material is protected as privileged or as attorney work product. *See* FRE 502.

19.    Nothing in this Protective Order will bar Counsel from rendering advice to their clients with respect to this Litigation and, in the course thereof, relying upon any information designated as Protected Material, provided that the contents of the information must not be disclosed.

20.    This Protective Order will be without prejudice to the right of any party to oppose the production of any information for lack of relevance or any other ground other than the mere presence of Protected Material. The existence of this Protective Order must not be used by either Party as a basis for discovery that is otherwise improper under the Federal Rules of Civil Procedure.

21.    Discovery Material designated as Protected Material pursuant to this Protective Order also may be disclosed if:

a.    the Producing Person making the designation consents to such disclosure;

b.    the Court, after notice to all affected persons, allows such disclosure;

BALLARD SPAHR LLP
1980 FESTIVAL PLAZA DRIVE, SUITE 900
LAS VEGAS, NEVADA 89135
(702) 471-7000 FAX (702) 471-7070

c.  the Receiving Person becomes obligated to disclose the information in response to a lawful subpoena, provided that the subpoenaed party gives prompt notice to Counsel for the Producing Person, and permits Counsel sufficient time to intervene and seek judicial protection order in the action in which the subpoena was issued; or

d.  mock jury participants and jury consultants, who, prior to the Disclosure and their receipt of Discovery Materials, counsel for the Party making the Disclosure shall deliver a copy of this Protective Order to such person, shall explain that such person is bound to follow the terms of such Protective Order, and shall secure the signature of such person on a statement in the form attached hereto as **Exhibit A**. Counsel must retain executed copies of the **Exhibit As** executed by each mock jury participant and consultant. The Parties may not disclose HIGHLY CONFIDENTIAL materials to mock jury participants. Subject to the conditions in this paragraph, mock jurors shall not be permitted to take home or keep any documents, notes, or other materials created or used by, or provided to, them during any research session, and counsel shall take measures to ensure and account for return of all such materials before dismissing each mock jury participant. Additionally, each mock juror must verify, in writing, that neither they nor members of their immediate family or household are employed by, or affiliated with, a Party, a Party's affiliate, or a Party-affiliate competitor. It shall be the obligation of counsel, upon learning of any breach or threatened breach of this Protective Order by any mock jury participant or jury consultant, to promptly notify counsel for the Producing Party of such breach or threatened breach.

22.    Nothing in this Protective Order shall limit any Producing Person's use of its own documents or shall prevent any Producing Person from disclosing its own Protected Material to any person. Such disclosures shall not affect any confidentiality designation made pursuant to the terms of this Protective Order so long as the disclosure is made in a manner which is reasonably calculated to maintain the confidentiality of the information. Nothing in this Protective Order shall prevent or otherwise restrict Counsel from rendering advice to their clients, and in the course thereof, relying on examination of Protected Material.   The restrictions and obligations set forth within this Protective Order will not apply to any information that:

BALLARD SPAHR LLP
1980 FESTIVAL PLAZA DRIVE, SUITE 900
LAS VEGAS, NEVADA 89135
(702) 471-7000 FAX (702) 471-7070

a.    the Parties (and as applicable, producing non-party) agree should not be designated Protected Material;

b.    the Parties agree (and as applicable, producing non-party), or the Court rules, is already public knowledge; or

c.    the Parties agree (and as applicable, producing non-party), or the Court rules, has become public knowledge other than as a result of disclosure by the Receiving Person, its employees, or its agents, in violation of this Protective Order.

23.    Transmission by e-mail or facsimile is acceptable for all notification purposes within this Protective Order.

24.    This Protective Order may be modified by agreement of the Parties, subject to approval by the Court.

25.    The Court may modify the terms and conditions of this Protective Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings.

26.    Upon termination of this Litigation, the originals and all copies, whether exact copies, compilations, digests, or non-exact copies in any form, of Discovery Materials shall, within thirty (30) days, be returned to the entity who produced such Discovery Materials (with the resulting shipping expense to be paid by the Producing Person), or shall be destroyed (together with a written certification of the complete destruction of the Discovery Materials), or shall otherwise be disposed as may be mutually agreeable among the applicable entity(ies). Nevertheless, counsel of record may retain their file copies of all filings, official transcripts, exhibits, and other such materials deemed necessary to comply with professional and ethical obligations, provided that counsel continues to treat all Discovery Materials in the manner provided in this Protective Order. Notwithstanding the provisions of this paragraph, inaccessible copies of confidential or proprietary material, including electronic copies created through the routine operation of the recipient(s)' standard archival and backup procedures, do not need to be returned or destroyed.

[continued on following page]

BALLARD SPAHR LLP
1980 FESTIVAL PLAZA DRIVE, SUITE 900
LAS VEGAS, NEVADA 89135
(702) 471-7000 FAX (702) 471-7070

27.    After termination of this Litigation, the provisions of this Protective Order shall continue to be binding, except with respect to those documents and information that became public record. This Court retains and shall have continuing jurisdiction over the Parties and Receiving Persons for enforcement of the provisions of this Order following termination of this Litigation.

Dated: December 13, 2024

/s/ David E. Chavez
David E. Chavez, Esq.
Nevada Bar No. 15192
**BALLARD SPAHR LLP**
1980 Festival Plaza Drive, Suite 900
Las Vegas, Nevada 89135
E-mail: chavezd@ballardspahr.com

Edward J. McAndrew, Esq.
*Admitted Pro Hac Vice*
**BAKER & HOSTETLER LLP**
1735 Market Street, Suite 3300
Philadelphia, PA 19103-7501
Email: emcandrew@bakerlaw.com

Marcus McCutcheon, Esq.
*Admitted Pro Hac Vice*
**BAKER & HOSTETLER LLP**
600 Anton Blvd., Suite 900
Costa Mesa, CA 92626-
Email: mmccutcheon@bakerlaw.com

*Counsel for Defendant Rancho Mesquite Casino, Inc. dba Eureka Casino Hotel*

/s/ M. Anderson Berry
M. Anderson Berry, Esq.(*pro hac vice*)
Gregory Haroutunian, Esq.(*pro hac vice*)
**CLAYEO C. ARNOLD, A PROFESSIONAL CORP.**
865 Howe Avenue
Sacramento, CA 95825
aberry@justice4you.com
gharoutunian@justice4you.com

Gary M. Klinger (*pro hac vice*)
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**
227 W. Monroe Street, Suite 2100
Chicago, IL 60606
gklinger@milberg.com

*Interim Co-Lead Counsel for Plaintiffs*

**<u>Order</u>**

**It is so ordered.**

_____
United States Magistrate Judge

Dated: December 16, 2024

**Exhibit A**

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

In re:

    Eureka Casino Breach Litigation.

This Document Relates to:  All Actions

Case No. 2:23-cv-00276-CDS-NJK

**Acknowledgement and Agreement to Be Bound by Stipulated Confidentiality Agreement and Protective Order**

I, _____, declare and say that:

1.    I am employed by _____.

2.    I have read the Stipulated Confidentiality Agreement and Protective Order (the "Order") entered in *In re: Eureka Casino Breach Litigation*, and have received a copy of the Order.

3.    I promise that I will use any and all CONFIDENTIAL and/or HIGHLY CONFIDENTIAL information, as defined in the Order, given to me only in a manner authorized by the Order, and only to assist Counsel in the litigation of this matter.

4.    I promise that I will not disclose or discuss such CONFIDENTIAL and/or HIGHLY CONFIDENTIAL information with anyone other than the persons described in paragraphs 10 and 11 of the Order.

5.    I acknowledge that, by signing this agreement, I am subjecting myself to the jurisdiction of the United States District Court for the District of Nevada with respect to the enforcement of the Order.

6.    I understand that any disclosure or use of CONFIDENTIAL and/or HIGHLY CONFIDENTIAL information in any manner contrary to the provisions of the Order may subject me to sanctions for contempt of court.

7.    I will return all CONFIDENTIAL and/or HIGHLY CONFIDENTIAL Discovery Material (as defined in the Order) to the attorney who provided it to me, upon request of that

BALLARD SPAHR LLP
1980 FESTIVAL PLAZA DRIVE, SUITE 900
LAS VEGAS, NEVADA 89135
(702) 471-7000 FAX (702) 471-7070

attorney, and I shall not retain any copies of said Discovery Material or any information contained within CONFIDENTIAL and/or HIGHLY CONFIDENTIAL Discovery Material.

I declare under penalty of perjury that the foregoing is true and correct.

Date:_____          _____
                                        (Signature)

BALLARD SPAHR LLP
1980 FESTIVAL PLAZA DRIVE, SUITE 900
LAS VEGAS, NEVADA 89135
(702) 471-7000 FAX (702) 471-7070