| | |
|---|---|
| 1 | David E. Chavez |
| | Nevada Bar No. 15192 |
| 2 | **BALLARD SPAHR LLP** |
| | 1980 Festival Plaza Drive, Suite 900 |
| 3 | Las Vegas, Nevada 89135 |
| | Telephone: 702.471.7000 |
| 4 | Facsimile: 702.471.7070 |
| | chavezd@ballardspahr.com |
| 5 | |
| 6 | Edward J. McAndrew, Esq. |
| | *Admitted Pro Hac Vice* |
| 7 | **BAKER & HOSTETLER LLP** |
| | 1735 Market Street, Suite 3300 |
| 8 | Philadelphia, PA 19103-7501 |
| | Telephone: (215) 568-3100 |
| 9 | Facsimile: (215) 568-3439 |
| | Email: emcandrew@bakerlaw.com |
| 10 | Marcus McCutcheon, Esq. |
| | *Admitted Pro Hac Vice* |
| 11 | **BAKER & HOSTETLER LLP** |
| | 600 Anton Blvd., Suite 900 |
| 12 | Costa Mesa, CA 92626 |
| | Telephone: (714) 754-6600 |
| 13 | Facsimile: (714) 754-6611 |
| | Email: mmccutcheon@bakerlaw.com |
| 14 | |
| 15 | *Counsel for Rancho Mesquite Casino, Inc. d/b/a Eureka Casino Resort* |

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re: | Case No. 2:23-cv-00276-CDS-NJK |
| Eureka Casino Breach Litigation. | **JOINT STIPULATION AND [PROPOSED] ORDER FOR STAY PENDING MEDIATION** |
| This Document Relates to: All Actions | |

Pursuant to Local Rules IA 6-2 and 7-1, Plaintiffs William Houghton, Andrew Figura, Michael Oldham, and Kristin Andrew ("Plaintiffs") and Defendant Rancho Mesquite Casino, Inc. dba Eureka Casino Hotel ("Defendant") (collectively the "Parties"), by and through their respective counsel of record, hereby stipulate, subject to this Court's approval, to stay the above captioned action (the "Action") in order to pursue private mediation of the action without incurring the costs of ongoing litigation. In support of this stipulation, the Parties state as follows:

1. On April 7, 2023, the Parties filed their Joint Motion to Consolidate all related data breach actions filed against Defendant in this court (Dkt. 27). This Court entered an Order Granting the Joint Motion to Consolidate on April 10, 2023 (Dkt. 28-29).

2. On June 16, 2023, Plaintiffs filed their Amended Complaint with jury demand (Dkt. 31).

3. Defendant filed its Motion to Dismiss the Amended Complaint with supporting brief on September 15, 2023 (Dkt. 41). Plaintiffs filed their Response to the Motion to Dismiss on September 29, 2023 (Dkt. 42) and Defendants filed their Reply on October 6, 2023 (Dkt. 43).

4. On September 19, 2024 this Court entered an Order granting in part and denying in part the Motion to Dismiss (Dkt. 53).

5. Defendant filed its Answer to the Amended Complaint on October 14, 2024 (Dkt. 61).

6. The Parties have stipulated to, and the Court has entered, a discovery plan and scheduling order, which provides that the deadlines pertaining to discovery and class certification have not lapsed (*see* Dkt. 51).

7. Further, the Parties have stipulated to, and the Court has entered, a Confidentiality Agreement and Protective Order (*see* Dkt. 62-63).

8. To date, the Parties have engaged in discovery efforts, with the goals of informing settlement negotiations and advancing the litigation.

9. In a further effort to amicably resolve this Action, the Parties have agreed to engage in a private mediation that is scheduled for on June 4, 2025.

10. To allow the Parties time to conduct the forthcoming mediation while conserving time and financial resources, the Parties hereby stipulate and agree that all Court proceedings and deadlines should be stayed pending the mediation.

11. The Court has the power to stay proceedings as part of its inherent power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). In deciding whether to grant a stay, a court may weigh the "competing interests of the parties and of the Court." *Coker v. Dowd*,

No. 2:13-CV-0994-JCM-NJK, 2013 WL 12216682, at *1 (D. Nev. July 8, 2013). The competing interests that may be considered include "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962).

12. The Parties submit that the competing interests weigh in favor of a stay. The requested stay will promote judicial economy and allow this Court to more effectively control the disposition of the cases on its docket. As this case is still in its relatively early stages, the Parties have demonstrated a consistent interest in early resolution of this dispute, and no trial date has been set, neither Party nor the Court will be negatively impacted by a stay. In fact, staying the case pending the forthcoming mediation will save the Parties from having to incur additional, potentially unnecessary litigation costs, and will allow the Court to devote its time and resources to other cases.

13. This stipulation is entered in good faith, is reasonably necessary, and is not sought for the purposes of delay.

14. This is the Parties' first request to stay these proceedings.

[continued on following page]

3

15. The Parties intend to file a joint status report by no later than June 18, 2025, two weeks after the scheduled mediation.

**IT IS SO STIPULATED.**

Dated: March 31, 2025

| | |
|---|---|
| /s/ David E. Chavez<br>David E. Chavez, Esq.<br>Nevada Bar No. 15192<br>**BALLARD SPAHR LLP**<br>1980 Festival Plaza Drive, Suite 900<br>Las Vegas, Nevada 89135<br>E-mail: chavezd@ballardspahr.com<br><br>Edward J. McAndrew, Esq.<br>*Admitted Pro Hac Vice*<br>**BAKER & HOSTETLER LLP**<br>1735 Market Street, Suite 3300<br>Philadelphia, PA 19103-7501<br>Email: emcandrew@bakerlaw.com<br><br>Marcus McCutcheon, Esq.<br>*Admitted Pro Hac Vice*<br>**BAKER & HOSTETLER LLP**<br>600 Anton Blvd., Suite 900<br>Costa Mesa, CA 92626<br>Email: mmccutcheon@bakerlaw.com<br><br>*Counsel for Defendant Rancho Mesquite Casino, Inc. dba Eureka Casino Hotel* | /s/ M. Anderson Berry<br>M. Anderson Berry, Esq. (*pro hac vice*)<br>Gregory Haroutunian, Esq. (*pro hac vice*)<br>**CLAYEO C. ARNOLD, A PROFESSIONAL LAW CORP.**<br>865 Howe Avenue Sacramento, CA 95825<br>aberry@justice4you.com<br>gharoutunian@justice4you.com<br><br>Gary M. Klinger (*pro hac vice*)<br>**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**<br>227 W. Monroe Street, Suite 2100<br>Chicago, IL 60606<br>gklinger@milberg.com<br><br>*Interim Co-Lead Counsel for Plaintiffs* |

**IT IS SO ORDERED:**

_____
United States Judge

Dated: _____

4