UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| In re: Eureka Casino Breach Litigation | Case No. 2:23-cv-00276-CDS-NJK |
| | Order Granting the Unopposed Motion for Preliminary Approval of Class Action Settlement |
| This Document Relates to: All Actions | [ECF No. 80] |

Plaintiffs Michael Oldham, Kristin Andrew, Andrew Figura, and William Houghton filed an unopposed motion for preliminary approval of class action settlement and certification of settlement class. Mot., ECF No. 80. The court held a hearing on the motion on January 6, 2026. Following that hearing,[1] and after considering the papers submitted in support of the application, the court has determined the proposed Settlement Agreement[2] satisfies the criteria for preliminary approval, the proposed Settlement Class should be preliminarily certified, and the proposed notice plan approved. Accordingly, IT IS HEREBY ORDERED that:

### Provisional Certification of The Settlement Classes

(1) The court provisionally certifies the following Settlement Class for purposes of settlement only:

> "Class Members" means all individuals residing in the United States whose Private Information was compromised in the Data Security Incident, including all those who were sent Notice, which class is meant to be co-extensive with the class as defined in the Complaint.

(2) The Settlement Class specifically excludes all persons who are directors or officers of Defendant, the Judge assigned to the Action, and that Judge's immediate family and court staff and any Person who is found by a court of competent jurisdiction to be guilty under

---

[1] The transcript of that hearing is incorporated as if fully set forth herein.
[2] Unless otherwise defined, all capitalized terms herein have the same meanings as those defined in Section 1 of the Settlement Agreement and Release (the "Settlement Agreement").

criminal law of initiating, causing, aiding, or abetting the Data Security Incident or who pleads *nolo contendere* to any such charge.

(3) The court determines that for settlement purposes the proposed Settlement Class meets all the requirements of Federal Rule of Civil Procedure 23(a) and (b)(3), namely that the class is so numerous that joinder of all Class Members is impractical; that there are common issues of law and fact; that the claims of the Class Representatives are typical of absent Class Members; that the Class Representatives will fairly and adequately protect the interests of the Class as they have no interests antagonistic to or in conflict with the Class and have retained experienced and competent counsel to prosecute this matter; that common issues predominate over any individual issues; and that a class action is the superior means of adjudicating the controversy.

(4) Plaintiffs William Houghton, Andrew Figura, Michael Oldham, and Kristin Andrew are designated and appointed as the Settlement Class Representatives or the Representative Plaintiffs.

(5) M. Anderson Berry of Emery Reddy, PC and Gary M. Klinger of Milberg PLLC are designated as Class Counsel pursuant to Federal Rule of Civil Procedure 23(g). The court finds that Class Counsel are experienced and will adequately protect the interests of the Settlement Class.

### Preliminary Approval of the Proposed Settlement Agreement

(6) Upon preliminary review, the court finds the proposed Settlement Agreement is fair, reasonable, and adequate, otherwise meets the criteria for approval, and warrants issuance of notice to the Settlement Class. Accordingly, the proposed Settlement Agreement is preliminarily approved.

### Final Approval Hearing

(7) A Final Approval Hearing will take place on June 10, 2026, at 10:00 a.m. at the United States District Court for the District of Nevada, located at 333 Las Vegas Boulevard South, Las Vegas, NV 89101 to determine, among other things, whether: (a) the proposed Settlement Class should be finally certified for settlement purposes pursuant to Federal Rule of Civil Procedure 23; (b) the Settlement Agreement should be finally approved as fair, reasonable and adequate and, in accordance with the Settlement's terms, all claims in the Class Action Complaint should be dismissed with prejudice; (c) Settlement Class Members should be bound by the releases set forth in the Settlement Agreement; (d) the proposed Final Approval Order and Judgment should be entered; (e) the application of Class Counsel for an award of attorneys' fees, costs, and expenses should be approved; and (f) the application for a Service Award for the Representative Plaintiffs should be approved. Any other matters the court deems necessary and appropriate will also be addressed at the hearing. The hearing may be re-scheduled without further notice to the Class.

(8) Class Counsel must submit their application for fees, costs, and expenses and the application for a Service Award no later than forty-five days after the Notice Commencement Date.

(9) Any Settlement Class Member that has not timely and properly excluded themselves from the Settlement Agreement in the manner described below, may appear at the Final Approval Hearing in person or by counsel and be heard, to the extent allowed by the court, regarding the proposed Settlement Agreement; provided, however, that no Settlement Class Member that has elected to exclude themself from the Settlement Agreement shall be entitled to object or otherwise appear, and, further provided, that no Settlement Class Member shall be heard in opposition to the Settlement Agreement unless the Settlement Class Member complies with the requirements of this Order pertaining to objections, which are described below.

### Administration

(10)  The Angeion Group LLC is appointed as the Settlement Administrator, with responsibility for reviewing, determining the validity of, and processing all claims submitted by Settlement Class Members, and all other obligations of the Settlement Administrator as set forth in the Settlement Agreement. All Administration and Notice Costs incurred by the Settlement Administrator will be paid out of the Settlement Fund, as provided in the Settlement Agreement.

### Notice to the Class

(11)  The Notice Plan along with the Claim Form, Long Notice, and Short Notice, attached to the Settlement Agreement as **Exhibits A, B, and C**, satisfy the requirements of Federal Rule of Civil Procedure 23 and due process and thus are approved. Non-material modifications to these exhibits may be made without further order of the court. The Settlement Administrator is directed to carry out the Notice Plan and to perform all other tasks that the Settlement Agreement requires.

(12)  The court finds that the form, content, and method of giving notice to the Settlement Class as described in the Notice Plan, Short Notice, Long Notice, and Claim Form: (a) constitute the best practicable notice to the Settlement Class; (b) are reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the action, the terms of the proposed Settlement Agreement, and their rights under the proposed Settlement Agreement; (c) are reasonable and constitute due, adequate, and sufficient notice to those persons entitled to receive notice; and (d) satisfy the requirements of Federal Rule of Civil Procedure 23, the constitutional requirement of due process, and any other legal requirements. The court further finds that the notice is written in plain language, uses simple terminology, and is designed to be readily understandable by Settlement Class Members.

## Exclusions from the Class

(13) Each Person wishing to opt-out of the Settlement Class must individually sign and timely submit written notice of such intent to the designated Post Office box established by the Claims Administrator. The written notice must clearly manifest a Person's intent to opt-out of the Settlement Class. To be effective, written notice must be postmarked no later than sixty days after the Notice Commencement Date.

(14) All Persons who submit valid and timely notices of their intent to opt-out of the Settlement Class, as set forth above, shall not receive any benefits of and/or be bound by the terms of this Settlement Agreement.

## Objections to the Settlement Agreement

(15) A Settlement Class Member who complies with the requirements of this Order may object to the Settlement Agreement.

(16) Each Settlement Class Member desiring to object to the Settlement Agreement shall submit a timely written notice of his or her objection by the Objection Date. All written objections and supporting papers must be submitted ONLY TO THE COURT and must include: (i) the objector's full name and address; (ii) the case name and docket number *In re: Eureka Casino Breach Litigation*, 2:23-cv-00276-CDS-NJK (D. Nev.); (iii) information identifying the objector as a Settlement Class Member, including proof that the objector is a Settlement Class Member (e.g., copy of the objector's settlement notice, copy of original notice of the Data Security Incident, or a statement explaining why the objector believes he or she is a Settlement Class Member); (iv) a written statement of all grounds for the objection, accompanied by any legal support for the objection the objector believes applicable; (v) the identity of any and all counsel representing the objector in connection with the objection; (vi) a statement whether the objector and/or his or her counsel will appear at the Final Fairness Hearing; and (vii) the objector's signature. Each objection must be submitted to the court either by filing them electronically or in person at any location of the United States District Court for the District of Nevada or by mailing them to the

1  Clerk of the Court for the United States District Court for the District of Nevada, 333 Las Vegas
2  Boulevard South, Las Vegas, NV 89101, and be filed or postmarked on or before the deadline
3  established by the court (anticipated to be 60 days after the Notice Date). All objections will be
4  scanned into the electronic case docket, and the parties will receive electronic notices of all
5  filings.

6  (17)   Any Settlement Class Member who fails to object to the Settlement Agreement in
7  the manner described herein shall be deemed to have waived any such objection, shall not be
8  permitted to object to any terms or approval of the Settlement Agreement at the Final Approval
9  Hearing, and shall be precluded from seeking any review of the Settlement Agreement or the
10 terms of this Agreement by appeal or any other means.

### Claims Process and Distribution Plan

12  (18)   The Settlement Agreement establishes a process for assessing and determining
13 the validity and value of claims and a methodology for paying Settlement Class Members that
14 submit a timely, valid Claim Form. The court preliminarily approves this process.

15  (19)   Settlement Class Members that qualify for and wish to submit a Claim Form
16 shall do so in accordance with the requirements and procedures specified in the Settlement
17 Agreement, including the Claim Form. If the Settlement Agreement is finally approved, all
18 Settlement Class Members who qualify for any benefit under the Settlement Agreement, but
19 who fail to submit a claim in accordance with the requirements and procedures specified in the
20 Settlement Agreement, including the Claim Form, shall be forever barred from receiving any
21 such benefit. Such Settlement Class Members, however, will in all other respects be subject to
22 and bound by the provisions of the Settlement Agreement, including the releases included in the
23 Settlement Agreement, and the Final Approval Order and Judgment.

### Termination of the Settlement Agreement and Use of this Order

25  (20)   In the event that the Settlement Agreement is not approved by the court or the
26 settlement set forth in the Settlement Agreement is terminated in accordance with its terms, (i)

the Settling Parties shall be restored to their respective positions in the Litigation and shall jointly request that all scheduled litigation deadlines be reasonably extended by the court so as to avoid prejudice to any Settling Party or Settling Party's counsel, and (ii) the terms and provisions of the Settlement Agreement shall have no further force and effect with respect to the Settling Parties and shall not be used in the Litigation or in any other proceeding for any purpose, and any judgment or order entered by the court in accordance with the terms of the Settlement Agreement shall be treated as vacated, nunc pro tunc. In the event of such termination, all Parties' respective pre-Settlement rights, claims, and defenses will be retained and preserved. Notwithstanding any statement in this Settlement Agreement to the contrary, no order of the court or modification or reversal on appeal of any order reducing the amount of attorneys' fees, costs, expenses, and/or service awards shall constitute grounds for cancellation or termination of the Settlement Agreement.

(21)    If this Settlement Agreement is terminated or fails to become effective, all funds in the Settlement Fund shall be promptly returned to Eureka. However, Eureka shall be obligated to pay amounts already billed or incurred for costs of notice to the Settlement Class, Claims Administration, and Dispute Resolution pursuant to the above and shall not, at any time, seek recovery of same from any other party to the Litigation or from counsel to any other party to the Litigation. After payment of any Settlement Administration and Dispute Resolution that have been incurred and are due to be paid from the Settlement Fund, the Settlement Administrator shall return the balance of the Settlement Fund to Eureka within twenty-one (21) days of termination.

### Stay of Proceedings

(22)    Except as necessary to effectuate this Order, this matter and any deadlines set by the court in this matter are stayed and suspended pending the Final Approval Hearing and issuance of the Final Approval Order and Judgment, or until further order of this court.

## Continuance of Final Approval Hearing

(23)   The court reserves the right to adjourn or continue the Final Approval Hearing and related deadlines without further written notice to the Settlement Class. If the court alters any of those dates or times, the revised dates and times shall be posted on the website maintained by the Settlement Administrator.

## Actions by Settlement Class Members

(24)   The court stays and enjoins, pending Final Approval of the Settlement Agreement, any actions, lawsuits, or other proceedings brought by Settlement Class Members against Defendant related to the Data Security Incident.

## Summary of Deadlines

The Settlement Agreement, as preliminarily approved in this order, shall be administered according to its terms pending the Final Approval Hearing. Deadlines arising under the Settlement Agreement and this order include but are not limited to the following:

| Event | Time for Compliance |
| --- | --- |
| Funding Estimated Settlement Administration Costs | January 23, 2026, or after receiving an invoice from the Settlement Administrator, whichever is later. |
| Notice Commencement Date | February 9, 2026 |
| Motion for Attorneys' Fees and Expenses and Service Award | March 24, 2026 |
| Claims Deadline | May 11, 2026 |
| Opt-Out / Exclusion Deadline | April 9, 2026 |
| Objection Deadline | April 9, 2026 |
| Final Approval Brief and Response to Objections Due | May 27, 2026 |

| | |
|---|---|
| Final Approval Hearing | June 10, 2026, at 10:00 a.m.<br><br>*The Final Approval Hearing date/time may be changed without further notice to the Class. |
| Funding Remainder of Settlement Fund | Within 10 days after the Effective Date, as defined in the Settlement Agreement. |

Dated: January 8, 2026

_____
Cristina D. Silva
United States District Judge